PROB 12C
(04/08)

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

**FILED**
JUL 1 7 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
                                    DEPUTY

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Alejandro CHACON (English)          **Dkt No.:** 08-CR-0556-001-JAH

**Reg. No.:** 07086-298

**Name of Sentencing Judicial Officer:** The Honorable John A. Houston, U.S. District Judge

**Date of Sentence:** June 2, 2008

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Marijuana, a Class D felony

**Sentence:** Time served (132 days); 2 years supervised release (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** June 9, 2008

**Asst. U.S. Atty.:** George Manahan          **Defense Counsel:** Casey J. Donovan (Appointed)
                                                                                          (619) 696-8989

**Prior Violation History:** None

---

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Condition)**<br>Report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons. *(nv5)* | 1. On June 9, 2008, Mr. Chacon was released from custody and failed to report to the probation officer within 72 hours of his release. |

***Grounds for Revocation:*** The subject was released from federal custody on June 9, 2008, and has not reported to the probation officer. On June 18, 2008, I attempted to contact him at his last known telephone number in Long Beach. The telephone number was disconnected, and his current whereabouts are unknown.

## VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**

Mr. Chacon has not been supervised.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Chacon was arrested in 1998 for an illegal entry offense, and in 2006 for importation of marijuana. Prosecution was declined in both instances.

The undersigned respectfully refers Your Honor to the Presentence Report for additional details as to the offender's background.

PROB 12C

Name of Offender: Alejandro CHACON  July 8, 2008
Docket No.: 08-CR-0556-001-JAH  Page 3

## SENTENCING OPTIONS
## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (failure to report to the probation officer) constitutes a Grade C violation. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 years supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

| | |
|---|---:|
| Name of Offender: Alejandro CHACON | July 8, 2008 |
| Docket No.: 08-CR-0556-001-JAH | Page 4 |

### RECOMMENDATION/JUSTIFICATION

Mr. Chacon has not reported for supervised release since his release from custody, and his current whereabouts are unknown. The undersigned attempted to avoid requesting a warrant by attempting to contact him at his last known telephone number; however the telephone number was disconnected. It is unknown to this officer why he has chosen to not report for supervision.

Absent any aggravating circumstances for his violation conduct which may come to light, the undersigned recommends revocation of supervised release and a period of custody at the low end of the imprisonment range, 3 months. Reimposition of supervised release for a period of 24 months under the same conditions previously imposed is also recommended.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: July 8, 2008**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by *(signature)*
Carlos De La Toba
U.S. Probation Officer
(619) 409-5104

Reviewed and approved:

*(signature)* Mary Murphy
Mary M. Murphy
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** CHACON, Alejandro

2. **Docket No. (Year-Sequence-Defendant No.):** 08-CR-0556-001-JAH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| failure to report to the probation officer | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                    [ 3 - 9 months]

7. **Unsatisfied Conditions of Original Sentence:** None.

## THE COURT ORDERS:

☒ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____  Other _____

_____

_____           7-16-08
The Honorable John A. Houston                 Date
U.S. District Judge

cmd/cmd

EOA